Argued January 7; affirmed February 9, 1937

ROBERTSON *v.* NEUBAUER ET AL.

(64 P. (2d) 833)

Department 1.

*Borden Wood,* of Portland (W. Lair Thompson and Ralph H. King, both of Portland, on the brief), for appellant.

*MacCormac Snow,* of Portland, for respondents.

KELLY, J. On December 27, 1922, plaintiff loaned defendant, Lydia Neubauer, and her late husband,

William Neubauer, the sum of $2,500, and took from them their promissory note therefor payable three years after date.

On said 27th day of December, 1922, defendant, Lydia Neubauer, and her late husband, in order to secure the payment of said promissory note in accordance with its terms, made, executed and delivered to plaintiff a mortgage upon lot 3, and north half of lot 4, block B, Milwaukie Park, Clackamas county, Oregon.

Subsequent to July 27, 1931, default was made in the payment of interest upon said note and mortgage. Negotiations were entered into for settlement. First, it was proposed that defendant, Lydia Neubauer, would convey to plaintiff other property than that which is described in said mortgage in full settlement and discharge of said note and mortgage to which plaintiff assented, and then plaintiff recanted; thereafter, it was proposed that said defendant, Lydia Neubauer, convey and transfer the mortgaged premises to plaintiff reserving a life estate therein; and then, it was proposed that such transfer be made subject to an estate for a term of years in full settlement and discharge of said mortgage. These proposals and counter proposals were unfruitful of an agreement, whereupon plaintiff instituted a suit to foreclose said mortgage. A judgment for plaintiff in the sum of $3,471.04, and decree of foreclosure was rendered; and sale of the mortgaged property upon execution was had. Upon said sale, $2,241 was realized for application upon said judgment under date of January 18, 1936. The remainder of said judgment aggregates $1,230.04, together with interest at the rate of seven per cent. per annum from January 18, 1936, of which no part has been paid.

The deeds sought to be vacated and set aside were executed by defendant, Lydia Neubauer, as grantor, on the 30th day of October, 1935, and conveyed to defendants, Edwin W. Neubauer and Elsa G. Neubauer, husband and wife, lot 8, block 3, Kruse's Third Addition to the city of Gearhart Park in Clatsop county, Oregon, and lot 5 and south half of lot 4, block B, Milwaukie Park, Clackamas county, Oregon.

The question here is whether these deeds were executed with the intent to hinder and defraud plaintiff.

In support of his claim plaintiff calls attention to the relationship existing between the parties to said deed. The grantor is the mother of one, and the mother-in-law of the other grantee. Plaintiff also stresses the fact that the consideration claimed by defendants to have been the one for which said transfer was made was a debt against which the statute of limitations had run. Plaintiff likewise comments upon the absence of any written evidence of the existence of said consideration.

We have considered the record and find that it supports defendant's position. Sufficient earning capacity is shown on the part of Edwin W. Neubauer to have enabled him to make the advances as claimed. The passbook of the bank discloses the withdrawals he claims. His sister corroborates him in reference to the existence of the indebtedness to him from their parents.

While the testimony discloses that the father, now deceased, of Edwin W. Neubauer cashed the checks given him by the son, it also shows that the time the advances were made, the property in suit was owned by both the parents as tenants by the entireties; that each month, $40 was deducted from the checks to pay

the board and lodging of the son, and that the mother, Mrs. Lydia Neubauer, expressly agreed to reimburse her son, Edwin W. Neubauer, for the advances he thus made to his parents.

A more detailed discussion of the facts would be of no value. We think that the deeds in suit were executed in good faith and for a valuable consideration.

The decree of the circuit court is affirmed.

It is ordered that neither party recover costs or disbursements on appeal.

BEAN, C. J., and RAND and ROSSMAN, JJ., concur.